---

IN RE GOLD.

PATENTS; PATENTABILITY; OPERATIVENESS; BURDEN OF PROOF.

1. *Gold* v. *Gold*, 34 App. D. C. 229, referred to.

2. A decision of the Commissioner of Patents rejecting an application for a method of steam heating was *affirmed* as anticipated by another patent, where it appeared that the Primary Examiner, by direction of the Commissioner, witnessed a demonstration of an apparatus

constructed in accordance with such patent, and supported his decision against the applicant by an affidavit showing the operativeness of the apparatus; that the applicant filed no counter affidavits, as he might have done under rule 76 of the Patent Office; and it was further *held* that, while the failure of the applicant to file such counter affidavits did not preclude this court from considering the merits of his appeal, it did impose upon him the burden of very clearly establishing error.

No. 774. Patent Appeals. Submitted March 18, 1912. Decided April 1, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.          *Affirmed.*

The facts are stated in the opinion.

*Mr. Otto Raymond Barnett* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by Egbert H. Gold from a decision of the Commissioner of Patents involving a method of steam heating. Claims 1 and 13, which are here reproduced, sufficiently illustrate the alleged invention:

"1. The improvement in the art of heating by steam which consists in providing a supply of steam at high pressure, providing in the apartment to be heated an inclosed body of steam in free communication with a zone of low pressure, which body receives steam from said supply, utilizing the thermostatic properties of said body of steam to control the inflow thereto from said supply, producing at will a higher temperature in said body, by neutralizing said thermostatic control of the inflow and closing said free communication with a zone of low pressure."

"13. The art of maintaining in a radiating system communi-

cating with the atmosphere a body of steam at any desired temperature between that of steam at supply pipe pressure and the temperature of steam at atmospheric pressure, which comprises providing a supply of high pressure steam communicating with the radiating system, utilizing the temperature of the steam in some part of the radiating system for controlling the inflow from the supply to said system, and at will causing said control of the inflow to be neutralized up to any desired pressure in the radiating system, and at the same time causing communication between the system and the atmosphere to be closed sufficiently to substantially maintain such desired pressure in said system."

It has been held by different tribunals of the Patent Office that the question of the patentability of these claims is *res judicata* by reason of the decision against appellant in *Gold* v. *Gold,* 34 App. D. C. 229, which involved apparatus claims; that the claims of this issue are merely functional, and that they are anticipated by the prior art. We shall consider these grounds in inverse order, for, if the claims disclose nothing new, the other questions become immaterial.

After a decision of the Examiners in Chief sustaining the action of the Examiner "in rejecting all of the claims as defining merely the functions of the apparatus disclosed, and as being anticipated by the prior art," was rendered, the application was remanded to the Primary Examiner by the Commissioner for further consideration in connection with the patent to Weber, No. 403,162, in view of a demonstration witnessed by the Examiner of an apparauts constructed in accordance with the disclosures in the Weber patent. The presence of the Examiner at this demonstration was by direction of the Commissioner. The Examiner executed an affidavit setting forth in detail the results of the demonstration, which demonstration the Examiner found clearly sustained the prior view and "proved beyond any reasonable doubt that an apparatus built in accordance with the disclosures in the Weber patent is operable at atmospheric pressure or at practically steam-admission pipe pressure, at will; and that such capability of

action is an inherent characteristic of the said Weber patent."
This affidavit and the decision of the Examiner based thereon
were forwarded to the appellant, and he thereupon again ap-
pealed to the Examiners in Chief, without, however, making
any attempt by counter affidavit to meet the case made by the
Examiner.    The Examiners in Chief again considered the
claims, and in their opinion said:  "We agree with the Exam-
iner, that the facts of the test witnessed by him were such as
to show that Weber's system may be converted from a high to a
low pressure system, or be made to operate at any desired in-
termediate pressure."   With this conclusion the Commissioner
agreed.   While it has been ably contended by counsel for ap-
pellant that an apparatus constructed in accordance with the·
Weber patent will not operate convertibly in the sense re-
quired by appellant's claims, we are constrained, nevertheless,
to accept the view of the Patent Office.   The affidavit to which
reference has been made stands uncontradicted.   As pointed out
by the Commissioner, had appellant so desired he could have
filed rebutting affidavits under rule 76 of the Patent Office, and
the court would then have had the benefit of those affidavits and
the comments thereon by the Patent Office tribunals.   While, of
course, the failure of appellant to file counter affidavits does
not preclude us from considering the merits of his appeal, it
does impose upon him the burden of very clearly establishing
error.   That burden has not been sustained, and we therefore
affirm the decision, without repeating the reasoning of the
Patent Office tribunals.                           *Affirmed.*